**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MAN LEWIS,

    *Plaintiff*,

CASE NO. 10-14804

v.

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

PATRICIA CARUSO; SANDRA A.
GRANT; DIANA JUDGE; TAMY
CILIBRAISE; THOMAS BELL;
BLAINE LAFLER; JAMES
ARMSTRONG,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be given.

**II.    REPORT**

    **A.    Introduction**

On December 3, 2010, Plaintiff Man Lewis filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 3.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B.      Screening Procedure

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).  "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he

must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

**C.    Plaintiff's Claims**

Plaintiff Man Lewis was released from incarceration by the Michigan Department of Corrections ("MDOC") in December 2009 after serving 34 years. He has filed a civil rights suit under 42 U.S.C. § 1983 against seven MDOC defendants: Patricia Caruso, Director of the MDOC; Sandra Grant, Records Administrator; Diana Judge, Records Intake Audit Specialist; James Armstrong, Manager of Grievances and Appeals; Thomas Bell, Warden; Blaine Lafler, Warden; and Tamy Cilibraise, Records Administrator. Plaintiff alleges that the defendants conspired to violate his rights by miscalculating his sentence and keeping him in prison 9 years beyond his maximum sentence. Specifically, Plaintiff claims that "Defendant Sandra Grant acted in bad faith and breached her legal duty when she deliberately failed to disclose the 2,469 Bay County jail credits in her maximum release date audit of October 4, 2007." (Compl. at 6.) Plaintiff claims that the miscalculation subjected him to cruel and unusual punishment in violation of the Eighth Amendment, deprived him of his liberty without due process in violation of the Fourteenth Amendment, and subjected him to false imprisonment. As relief, he seeks $1,666 in compensatory damages and $18 million in punitive damages.

**D.     Discussion**

I suggest that Plaintiff's complaint be dismissed for failure to state a claim because it is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that prior to recovering damages for an allegedly unconstitutional conviction or imprisonment whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

Applying *Heck*, courts have consistently held that "[a] state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies." *Beaven v. Roth*, 74 Fed. App'x 635, 638 (7th Cir. 2003). In *Beaven*, the plaintiff claimed that he was entitled to money damages under § 1983 for the improper calculation of his sentence because he received only 97 days' credit for pretrial detention instead of the 430 days to which he was allegedly entitled. The Seventh Circuit held that his claim was barred by *Heck*, because success in the civil rights suit would necessarily imply that the state court's determination was wrong. *Id*. at 638. *See also Erlin v. United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (applying *Heck* to Federal Tort Claims Act claim of negligent miscalculation of sentence); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996) (pursuant to *Heck*, suit for damages under § 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action).

With regard to Plaintiff Lewis, this Court's docket shows that he was unsuccessful in obtaining habeas relief based on his allegation that his sentence was miscalculated (*see Lewis v. Bell*, No. 07-cv-11643, E.D. Mich.), and the documents attached to his complaint show that he was unsuccessful in obtaining relief from the MDOC, so now he seeks to circumvent the outcome of those procedures by bringing a suit for damages. In *Heck*, however, the Supreme Court clearly stated that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90. Since Plaintiff's sentence has not been invalidated, his cause of action has not yet accrued. I therefore suggest that he has failed to state a claim upon which relief can be granted.

### E.     Conclusion

Accordingly, I recommend that the complaint be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915e(2)(B).

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

5

others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                  s/ *Charles E. Binder*
                                                  CHARLES E. BINDER
Dated: January 10, 2011                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Man Lewis at P.O. Box 864, Bay City, MI, 48707-0864.

Date:  January 10, 2011              By     s/*Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder