UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAN LEWIS,

        Plaintiff,

                                    Case Number 10-14804-BC
v.                                  Honorable Thomas L. Ludington

PATRICIA CARUSO, SANDRA A. GRANT,
DIANA JUDGE, TAMY CILIBRAISE,
THOMAS BELL, BLAINE LAFLER, and
JAMES ARMSTRONG,

        Defendants.
_____ /

## OPINION AND ORDER ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DISMISSING PLAINTIFF'S COMPLAINT, AND RESOLVING PLAINTIFF'S PROCEDURAL MOTIONS

Plaintiff Man Lewis filed a pro se civil rights complaint on December 3, 2010, alleging that he was incarcerated in a state prison pursuant to a conviction for criminal sexual conduct longer than he should have been and seeking damages. On January 10, 2011, Judge Binder issued a report recommending that the Court dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) [Dkt. # 6]. Judge Binder concluded that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff cannot seek damages for an unlawful confinement where success would necessarily demonstrate the unlawfulness of that confinement unless the conviction or sentence has first been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal writ of habeas corpus. *Id.* at 486–87. Because Plaintiff cannot meet that requirement, Judge Binder recommended dismissing his complaint.

Plaintiff filed an objection to Judge Binder's report and recommendation on February 28,

2011 and a supplemental objection on July 11, 2011.  The district court will make a "de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).  A party must file specific objections to the report or the party's right to further review will be waived.  *Id.*  Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

Plaintiff's objections contain an explanation of why he believes he was incarcerated longer than he should have been under state law and an explanation of why he believes it is unconstitutional for a state to imprison someone longer than the judgment of conviction permits.  The objections do not, however, explain why *Heck*'s requirement that the conviction or sentence be reversed, expunged, vacated, or otherwise called into question should not apply in this case.  Still, there is a substantial difference between the facts of this case and the facts in *Heck*.  The plaintiff in *Heck* remained in prison and was entitled to challenge his continued incarceration via a habeas corpus petition under 28 U.S.C. § 2254.  In this case, Plaintiff is no longer in prison and therefore is not entitled to bring a habeas petition under § 2254.

Despite the significant difference in facts, Judge Binder still reached the correct result when he determined Plaintiff's complaint is barred by *Heck*.  Prospective plaintiffs seeking money damages for an unlawful incarceration are not required to meet the *Heck* requirements if they are no longer in prison *and* they were "precluded 'as a matter of law' from seeking habeas redress" when they were still in prison.  *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592,

601 (6th Cir. 2007). While Plaintiff is no longer in prison, he does not allege that he was barred "as a matter of law" from seeking habeas redress when he was in prison. Indeed, he did seek habeas redress concerning this very issue. *See Lewis v. Bell*, No. 07-11643-BC (E.D. Mich. Nov. 14, 2008). Ultimately, the petition was dismissed without prejudice at Plaintiff's request so that he could appeal a procedural decision before the Court considered the merits of his challenge. *Id.* He did not appeal, nor did he refile a habeas petition in the year that he remained in prison. Because Plaintiff cannot demonstrate he was barred as a matter of law from seeking habeas review of his continued incarceration, he is barred by *Heck* and *Powers* from seeking damages in a § 1983 claim. *Powers*, 501 F.3d at 601.

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation [Dkt. # 6] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections [Dkt. # 9, 11] are **OVERRULED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 18 U.S.C. § 1915(e)(2)(B).

It is further **ORDERED** that Plaintiff's motion to amend his pleadings [Dkt. # 10] is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's motion to supplement his objections [Dkt. # 11] is **GRANTED** to the extent that the Court has considered the additional material presented in the motion but **DENIED** in all other respects.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 4, 2011

-3-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS